*969 OPINION.
Goodeich:
Petitioner contends that Warner Brothers was the purchaser and owner of all of the outstanding stock of the Dome Company and that Robbins, with respect to the stock standing in his name was but a nominee, having no interest in the stock and no. right to possession or control of it. We are convinced that such was the fact. True, so far as the corporate record is concerned, Robbins appeared as owner of 9.6 per centum of the stock, both before and after the reduction of the company’s capital. The certificates were issued in his name; he was listed as a stockholder upon the certificates filed with the authorities of the state; the contract recited that he was a stockholder, and he was made an officer and director of the company. But, in the absence of estoppel, the corporate record will not serve to bind petitioner if it is contrary to facts, as we believe it was.
The evidence before us is convincing that Warner Brothers intended to, and did, acquire the entire outstanding stock of the Dome Company and that stock was issued in Robbins’ name only because it was necessary so to do to secure the loan of additional funds. Robbins emphatically denies any expectation of interest in or claim to *970 the stock and he paid for none of it. He exercised none of the rights of a stockholder, he took no part in the management of the company’s business beyond the duties of his employment as theatre manager, he received none of the substantial dividends paid by the company, he received nothing in payment for the stock in his name upon its surrender, either at the time its capital was reduced or when he formally relinquished his rights by the contract of March 14, 1930. Long before that contract was drawn the stock standing in his name, which since its issuance had been in the possession of the bank, had been delivered not to Robbins, but to Warner Brothers. We conclude that Warner Brothers Pictures, Inc., was the real owner of all of the stock of the Dome Company and Robbins was its nominee. Therefore those corporations, during the period before us, were affiliated under section 240 of the Revenue Act of 1926.

Judgment will be entered for the fetitioner.